<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL STEVENS, | : | |
| | : | Case No. 24-3122 (BRM) (CLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BECKY SCOTT, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Michael Stevens ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is dismissed in its entirety.

## I. BACKGROUND

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a pretrial detainee confined at Hudson County Correctional Center ("HCCC"), in Kearney, New Jersey. (*See* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Director Becky Scott ("Scott"), Sergeant Castro ("Castro"), and Well Path. (*See id.*)

In his Complaint, Plaintiff alleges the Defendant Scott, as the Director of HCCC, failed to protect the inmates from Covid-19. Defendant Scott had inmates locked in their cells for multiple days, failed to provide access to the law library, failed to provide access to dental care, failed to supply cleaning materials, failed to allow visits, and failed to allow "funeral visits." (*Id.* at 5.) Plaintiff alleges Defendant Sergeant Castro is in control of the units and failed to address inmate complaints and grievances regarding excessive lock-ins, lack of medical assistance and other complaints. (*Id.* at 5-6.) Finally, Plaintiff submits Defendant Well Path neglected the inmates' complaints of Covid-19. (*Id.* at 6.)

Plaintiff seeks monetary compensation.

## II.  STANDARD OF REVIEW

### A.  *In forma pauperis* complaints

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient

factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir.

2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed,

"pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v.*

*Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . .
> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by
> the Constitution and laws, shall be liable to the party injured in
> an action at law, suit in equity, or other proper proceeding for
> redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation

of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.  DECISION

#### A. Failure to Sign Complaint

Plaintiff attaches a page to his Complaint which appears to list three additional Plaintiffs,

Kadeen Coleman, Eric Polanco, and Troy Staton. (ECF No. 1 at 4.) The Court notes that these

individuals are not listed in the caption of the Complaint, nor have they submitted applications to proceed *in forma pauperis*. Additionally, Federal Rule of Civil Procedure 11(a) requires that every pleading must be signed personally by a party if he is unrepresented. These three additional Plaintiffs have not signed the Complaint. (*Id.* at 7.) Rule 11(a) states that a pleading should be struck unless it is promptly corrected. However, for the reasons discussed *infra*, given that Plaintiff's Complaint also fails to state a claim upon which relief may be granted, the Complaint is dismissed without prejudice, rather than give Plaintiffs a chance to cure this missing signatures.

### B.  Failure to State a Claim - Supervisory Liability

Although Plaintiff's allegations are vague, the Court construes the Complaint as raising a claim pursuant to 42 U.S.C. § 1983 for violations of the due process clause of the Fourteenth Amendment. Plaintiff seeks to hold Defendant Scott liable under a theory of supervisory liability.

The Due Process Clause of the Fourteenth Amendment affords protections to pretrial detainees "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Due process or Eighth Amendment standards may be violated when a pretrial detainee is subjected to punishment unrelated to a legitimate governmental objective. *See Hubbard v. Taylor*, 538 F.3d 229, 236 (3d Cir. 2008). The Eighth Amendment requires prison officials to provide humane conditions of confinement. S*ee Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "For the conditions of confinement to rise to the level of an Eighth Amendment violation, they must deny the 'minimal civilized measure of life's necessities.'" *Betts*, 621 F.3d at 256 (quoting *Farmer*, 511 U.S. at 835). A "failure to provide minimally civil conditions of confinement to pre-trial detainees violates their rights against punishment without due process

4

of law." *Roman v. DeMarco*, No. 18-8010, 2019 WL 452736, at *2 (D.N.J. Feb. 5, 2019) (citing

*Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3d Cir. 1997)).

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based

on an establishment of policies, practices, or customs that directly caused the constitutional

violation; or (2) personal liability based on the supervisor participating in the violation of the

plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and

acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL

3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and

acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d

1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused

[Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d

1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of

*respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff

must identify a specific policy or practice that the supervisor failed to employ and show that: (1)

the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the

supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to

that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256

F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York*

*County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's

protocols, courts "must acknowledge that practical considerations of detention justify limitations

5

on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

It is unclear if Plaintiff is arguing Defendant Scott is liable based on deficient policies or due to her personal involvement. If Plaintiff is asserting deficient policies, he has failed to plead sufficient facts. Plaintiff does not identify a specific policy or policies that Defendant Scott failed to employ. Rather, Plaintiff alleges only that Defendant Scott failed to protect the inmates from Covid-19. (ECF No. 1 at 5.) Plaintiff's Complaint does not address what policies or protocols were in place to prevent the spread of the Covid-19 virus and how these policies were deficient. Plaintiff does not address whether Defendant Scott was aware that HCCC's Covid-19 policies created an unreasonable risk of a constitutional injury, nor does it address that Defendant Scott was indifferent to said risk. Thus, Plaintiff fails to state a viable cause of action under Section 1983 for supervisory liability based on deficient policies against Defendant Scott. *See Iqbal*, 556 U.S. 662, 678 (2009).

The Complaint also fails to plead sufficient facts to state a supervisory liability claim based on personal involvement against Defendant Scott. Plaintiff alleges Defendant Scott had inmates locked in their cells for multiple days, failed to provide access to the law library, failed to provide access to dental care, failed to supply cleaning materials, failed to allow visits, and failed to allow "funeral visits." (ECF No. 1 at 5.) The Complaint fails to provide facts regarding any of these allegations. Plaintiff fails to allege facts to show Defendant Scott participated in these allegations. The Complaint is devoid of factual allegations regarding the length of time of these restrictions, specific instances of these restrictions, or how these restrictions affected Plaintiff specifically. These conclusory allegations are insufficient to state a claim for relief. *Johnson v. Cash*, 557 F. App'x. 102, 104 n.3 (3d Cir. 2013) (citing *Iqbal*, 556 U.S. at 678). "[P]risoners must satisfy certain

6

pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 205-206 (3d Cir. 2008). Plaintiff fails to plead sufficient facts to state a supervisory claim based on personal involvement against Defendant Scott. Accordingly, the Complaint is dismissed without prejudice as to Defendant Scott.

### C. Failure to State a Claim - Due Process

Plaintiff's claim against Defendant Castro alleges that he failed to address inmates' grievances regarding excessive lock-ins, lack of medical assistance, and other complaints. (ECF No. 1 at 5-6.) Liberally construing the Complaint, as the Court must, it appears that Plaintiff intends to bring forth a procedural due process claim under the Fourteenth Amendment. However, such a claim is not cognizable. To state a claim under the Fourteenth Amendment Due Process clause, Plaintiff must allege that he has a constitutionally protected liberty or property interest at stake. *See Fantauzzi v. Wetzel*, No. 18-5166, 2019 WL 4543095, at *5 (E.D. Pa. Sept. 18, 2019) ("Where an inmate has no protected interest relating to his claim, there cannot be deprivation of due process requiring constitutional redress."). But it is well established that "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Anderson v. Pennsylvania*, 196 F. App'x 115, 117 (3d Cir. 2006) ("[I]n order to state a due process claim, [Plaintiff] needed to show the deprivation of a constitutionally-protected liberty or property interest in a procedurally deficient manner, and he failed to do so. [Plaintiff] does not have a liberty interest protected by the due process clause in the inmate grievance procedures.") (citations omitted). Thus, "any allegations of improprieties in the handling of his grievance" do not raise constitutional concerns and do "not state a cognizable claim under § 1983." *Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014).

7

The only allegation against Defendant Castro is that he failed to address inmates' grievances and complaints. Plaintiff fails to state a claim upon which relief can be granted against Defendant Castro. Accordingly, the Complaint is dismissed without prejudice as to Defendant Castro.

**D. Failure to State a Claim - Deliberate Indifference to Medical Needs**

The Court construes the Complaint as raising an Eighth Amendment deliberate indifference claim against Defendant Well Path. Plaintiff alleges Defendant Well Path neglected the inmates' complaints of Covid-19. (*Id.* at 6.)

A private or government healthcare provider like Well Path cannot be held liable under Section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Natale*, 318 F.3d at 583–84. Rather, a healthcare provider is subject to liability under Section 1983 only if it "had a policy or custom that caused [the] deprivation of a constitutional right." *Defreitas v. Montgomery Cty. Corr. Facility*, 525 F. App'x 170, 176 (3d Cir. 2013) (*citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693–694 (1978)); *see also Perry v. Well-Path*, No. 20-2542, 2021 WL 229398, at *4 (E.D. Pa. Jan. 22, 2021) ("[T]o hold a private health care company like Well-Path liable for a constitutional violation under § 1983, a prisoner must allege the provider had a relevant policy [ ] or custom, and that the policy caused the constitutional violation [he] allege[s].") (internal quotation marks omitted). Plaintiff has not alleged that Well Path had a policy or custom that caused the alleged violation of his constitutional rights. *See*, *e.g.*, *Butler v. CFG Health Servs. Inc.*, No. 21-13354, 2022 WL 138085, at *3 (D.N.J. Jan. 12, 2022) ("[T]o hold CFG Health Services liable for his injuries, Plaintiff must provide facts showing that this entity had a relevant policy or custom, and that policy violated his constitutional rights. Here, Plaintiff provides no facts to suggest that there is a relevant policy or custom or that the policy or custom caused any

constitutional violations.") The Complaint fails to plead any facts regarding Well Path's policies

or customs. Accordingly, the deliberate indifference claim against Well Path is dismissed without

prejudice.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice. The

Court shall give Plaintiff thirty days to file an amended complaint if he chooses to cure the

deficiencies discussed above. An appropriate Order follows.

Dated: March 29, 2024

*/s/ Brian R. Martinotti*_____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
