**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL STEVENS<br><br>                Plaintiff,<br><br>      v.<br><br>BECKY SCOTT, *et al.*<br><br>                Defendants. | Case No. 2:24-cv-3122 (BRM) (CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Michael Stevens ("Plaintiff") civil rights amended complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF Nos. 5 and 7)[1] and a motion to appoint pro bono counsel (ECF No. 6).

On March 29, 2024, after granting Plaintiff's application to proceed *in forma pauperis*, the court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 5.) The Court dismissed Plaintiff's initial complaint without prejudice for failure to state a claim for relief and permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his claims. (*See* ECF Nos. 3 and 4.)

In April 2024, Plaintiff filed his Amended Complaint. (ECF Nos. 5 and 7.) At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from

---

[1] On April 17, 2024, Plaintiff filed an Amended Complaint. (ECF No. 5.) On April 29, 2024, Plaintiff re-filed the attachment to his April 17, 2024 Amended Complaint. (ECF No. 7.) The Court will consider the two filings together as Plaintiff's Amended Complaint.

such relief. For the reasons set forth below, the Amended Complaint is **DISMISSED** in its entirety and Plaintiff's motion to appoint pro bono counsel is denied as moot.

I. **BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a pretrial federal detainee confined at Hudson County Correctional Center ("HCCC"), in Kearny, New Jersey.[2] (*See* ECF No. 5.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Director Becky Scott ("Scott"), Sergeant Castro ("Castro"), and Well Path. (*See* ECF Nos. 5 and 7.)

In the Amended Complaint, Plaintiff alleges that Defendant Scott, as the Director of HCCC, failed to protect his basic human rights and failed to protect him from cruel and unusual punishment. (ECF No. 5 at 3-4.) Plaintiff appears to argue that Defendant Scott's policies and practices resulted in injuries and on-going damage. (*Id.* at 7.) Plaintiff submits that Defendant Castro "failed to allow us basic needs hygiene recreation/medical emergencies/wellness checks." (*Id.* at 4.) The Amended Complaint alleges that Well Path "violated so many different policies and regulations." (*Id.* at 7.)

Plaintiff attaches to his Amended Complaint a list labeled "1983 Complaints." (*See id.* at 8.) Plaintiff presents to the Court a litany of "complaints," including allegations regarding his father's funeral, the law library, medical services, religious services, dental services, housing conditions, the grievance system, and the mail room. (*See id.*) Plaintiff does not connect these allegations to any particular Defendant.

---

[2] Although Plaintiff is a federal pretrial detainee, he raises claims against county jail employees and a private corporation. Therefore, jurisdiction is under 42 U.S.C. § 1983.

Plaintiff seeks monetary compensation.

## II. LEGAL STANDARD

### A. *In forma pauperis* complaints

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

3

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Failure to State a Claim

#### 1. *Defendant Scott*

The Amended Complaint again raises a supervisory liability claim against Defendant Scott.

> T]o hold a supervisor liable because his policies or practices led to [a constitutional] violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the exiting policy or practice created an unreasonable risk of that [constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury results from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (1989)). The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's protocols, courts "must acknowledge that practical considerations of detention

justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. (*Id.*)

The Amended Complaint submits only that Defendant Scott, as the Director of HCCC, failed to protect Plaintiff's basis human rights and failed to protect him from cruel and unusual punishment and Defendant Scott's policies and practices resulted in injuries to Plaintiff. (ECF No. 5 at 3-4, 7.) The Amended Complaint does not identify Defendant Scott's policy or custom that caused Plaintiff's injury or what Plaintiff's injury was. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief." *Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, this claim must be dismissed.

### 2. Defendant Castro

The Court construes the Amended Complaint as raising a Fourteenth Amendment conditions of confinement claim against Defendant Castro. (ECF No. 5 at 4.)

The Due Process Clause of the Fourteenth Amendment affords protections to pretrial detainees "at least as great as the Eighth Amendment protections available to a convicted prisoner," *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003), and is violated when a pretrial detainee is subjected to punishment that is not reasonably related to a legitimate governmental objective. *See Hubbard v. Taylor*, 538 F.3d 229, 236 (3d Cir. 2008). The Eighth Amendment requires prison officials to provide humane conditions of confinement. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "For the conditions of confinement to rise to the level of an Eighth Amendment violation, they must deny the 'minimal civilized measure of life's necessities.'" *Betts*, 621 F.3d at 256 (quoting *Farmer*, 511

5

U.S. at 835). Thus, "prison officials violate an inmate's Eighth Amendment rights when they deprive her of a single identifiable human need such as food, warmth, or exercise." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015); *see also Betts*, 621 F.3d at 256 (inmates must receive "adequate food, clothing, shelter, and medical care," and prison officials must "take reasonable measures to guarantee the safety of inmates"). A "failure to provide minimally civil conditions of confinement to pre-trial detainees violates their rights against punishment without due process of law." *Roman v. DeMarco*, No. 18-8010, 2019 WL 452736, at *2 (D.N.J. Feb. 5, 2019) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3d Cir. 1997)).

Plaintiff alleges Defendant Castro "failed to allow us basic needs hygiene recreation/medical emergencies/wellness checks." (ECF No. 5 at 4.) This conclusory allegation does not support a finding that Defendant Castro acted with a culpable state of mind, nor, even assuming it to be true, does it establish that conditions in the HCCC rose to the level of "cruel and unusual punishment" necessary to state a claim for unconstitutional conditions of confinement. *See Manning v. Hudson County*, No. 17-3450, 2019 WL 1423262, at *6 (D.N.J. Mar. 29, 2019) ("Plaintiff fails to state a claim for relief because his allegations are vague and conclusory and contain too little factual matter for the Court to determine whether his civil rights were violated by Defendant."). The Amended Complaint, as drafted, does not plausibly allege that Defendant Castro acted with a culpable state of mind or that Petitioner's conditions of confinement were cruel and unusual or amounted to unconstitutional punishment. Accordingly, this claim must be dismissed.

### 3. Defendant Well Path

Plaintiff again seeks to hold Defendant Well Path liable, alleging that Well Path "violated so many different policies and regulations." (*Id.* at 7.)

A private corporation such as Well Path may be liable under § 1983 in certain circumstances. A private health company providing services to inmates "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Rather, to hold a private health care company like Well Path liable for a constitutional violation under § 1983, Plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Id.* at 583-84 (*citing Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). For such a claim to be plausible, Plaintiff "must identify [the] custom or policy and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a basis for liability against an entity like Well Path by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). Liability under a "failure to train" theory requires "a plaintiff to identify a failure to provide specific training that has a causal nexus with his or her injury and must demonstrate that the failure to provide that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur." *Palakovic v. Wetzel*, 854 F.3d 209, 233 (3d Cir. 2017) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1030 (3d Cir. 1991)) (internal quotation marks omitted).

Therefore, the question before the Court is whether Plaintiff's Amended Complaint has plausibly alleged that Defendant Well Path had a policy or custom or failed to provide specific training that resulted in a violation of his constitutional rights. Here, the Amended Complaint is entirely devoid of any allegations about a specific policy or custom maintained by Defendant Well

7

Path which caused Plaintiff's alleged constitutional harm. Additionally, the Amended Complaint does not plausibly allege that Well Path failed to implement any specific training. Accordingly, any claim against Defendant Well Path is dismissed without prejudice.

### B. Group Pleading

The Amended Complaint contains a list of conclusory "1983 Complaints," in which Plaintiff fails to raise any allegation against a specific Defendant. (ECF No. 5 at 8.) Rather, Plaintiff provides the Court with a list of his "complaints" without reference to a single Defendant. (*See id.*)

This group pleading is prohibited. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (dismissing a § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants)). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." (*Id.*) When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 WL 1163751 at *3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11.

The Amended Complaint submits Plaintiff's allegations against all Defendants without alleging facts to show personal involvement. These vague and conclusory allegations regarding Plaintiff's father's funeral, the lack of law library access, the lack of medical services, the lack of religious services, the lack of dental services, housing conditions, the grievance system, and the mail room throwing out Plaintiff's mail do not plead facts sufficient to state a claim against each Defendant. Plaintiff fails to connect the Defendants to the alleged wrongdoing in a manner

sufficient to put them on notice of what each is alleged to have done. Federal notice and pleading rules require the amended complaint to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). Therefore, Plaintiff's claims against Defendants Scott, Castro, and Well Path are dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion to appoint pro bono counsel is dismissed as moot. The Court shall give Plaintiff thirty days to file a second amended complaint if he chooses to cure the deficiencies discussed above. An appropriate Order follows.

Dated: July 2, 2024

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**