**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MICHAEL STEVENS,

           Plaintiff,

           v.

BECKY SCOTT, *et. al.*,

           Defendants.

Case No. 2:24-cv-03122 (BRM) (CLW)

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Michael Stevens' ("Plaintiff") motion for relief from judgment pursuant to Federal Rule of Civil Procedure (60)(b) and to reopen this matter ("Motion"). (ECF No. 18.) For the reasons set forth below and for good cause shown, the Motion is denied.

On July 2, 2024, the Court dismissed Plaintiff's Amended Complaint (ECF No. 7) without prejudice for failure to state a claim upon which relief could be granted and provided Plaintiff with thirty (30) days to file a second amended complaint if he was able to cure the deficiencies noted in the Court's Opinion. (*See* ECF Nos. 9, 10.) The Court found Plaintiff's Amended Complaint did not identify Defendant Scott's policy or custom that caused Plaintiff's injury or what Plaintiff's injury even was. (ECF No. 9 at 5.) The Court explained "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a plausible claim for relief." (*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).) As to Defendant Well Path, the Court found Plaintiff's Amended Complaint was "entirely devoid of any allegations about a specific policy or custom maintained by Defendant Well Path which caused Plaintiff's alleged constitutional harm." (*Id.* at 7–8.) Additionally, the

Amended Complaint did not "plausibly allege that Well Path failed to implement any specific training." (*Id.* at 9.)

On January 22, 2026, Plaintiff filed a letter "to amend and add evidence to [his] complaint." (ECF No. 16.) The Court reviewed Plaintiff's letter and found it was not an amended complaint. (ECF No. 17.) Rather, it was a letter submitting a July 27, 2023 grievance as evidence to support his April 29, 2024 Amended Complaint. (*See id.*) The Court found Plaintiff could not, a year and a half later, submit evidence in support of his previously dismissed Amended Complaint. (*Id.*) As Plaintiff's Amended Complaint was dismissed without prejudice, Plaintiff could not amend that Amended Complaint to add additional evidence. Plaintiff's letter request to amend was dismissed as moot. (*See id.*)

Plaintiff now motions for relief from judgment and for the Court to reopen this matter. (ECF No. 18.) Plaintiff claims his Motion is based on "newly discovered evidence, . . . misconduct and obstruction by Defendants, including the withholding of grievances and medical records, [and] extraordinary circumstances, including Plaintiff's transfer into federal custody, which impacted his ability to obtain and present evidence." (*Id.* at 2.)

A motion filed pursuant to Federal Rule of Civil Procedure Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Pursuant to Rule 60(b)(2), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Pursuant to Rule 60(b)(3), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or

extrinsic), misrepresentation, or misconduct by an opposing party." Finally, pursuant to the catch-all provision of Rule 60(b)(6), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided. *See Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In support of his Motion, Plaintiff claims the Court should reopen this matter based on newly discovered evidence. (*See* ECF No. 18.) First, although Plaintiff alleges the Defendants withheld grievances and medical records, Plaintiff fails to include any "newly discovered evidence." Furthermore, the Court did not dismiss Plaintiff's Amended Complaint for failure to produce evidence. Rather, the Court dismissed the Amended Complaint for failure to state a claim. Plaintiff's Amended Complaint made conclusory allegations and failed to allege facts against any particular Defendant. Here, Plaintiff includes what the Court construes as a Second Amended Complaint. (*Id.* at 4–6.) Plaintiff claims only that "Defendants acted with deliberate indifference to Plaintiff's serious medical needs, subjected him to unsafe conditions, and interfered with Plaintiff's ability to access the courts by withholding critical records and grievances." (*Id.* at 4.) Plaintiff again fails to make any factual allegations against any particular Defendant. As the Court previously explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Because Plaintiff has failed to present an "extraordinary circumstance" that would require the Court to grant a Rule 60(b) motion, Plaintiff's Motion is denied.

Additionally, if the Court construes the Motion as a motion to reopen with a proposed Second Amended Complaint, that motion is also denied. In July 2024, the Court provided Plaintiff

with thirty days to submit a Second Amended Complaint. The Court will not reopen this matter nearly two years later, with a proposed Second Amended Complaint that again fails to state a claim.

**IT IS** on this 16th day of April 2026,

**ORDERED** that the Clerk of the Court shall **RE-OPEN** this matter for the purposes of this Memorandum and Order; and it is further

**ORDERED** that Plaintiff's Motion for Relief from Judgment and to Reopen this Matter (ECF No. 18) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Plaintiff by regular U.S. mail and **CLOSE** this case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

4